1    HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JOE ANN WEST, | CASE NO. C17-5246RBL |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| SEAN J STACKLEY, Secretary of the Navy, | [Dkt. #s 7, 37, 38, 40, 45, 46] |
| Defendant. | |

THIS MATTER is before the Court on Defendant Stackley's Motion to Dismiss [Dkt. #7], which has been pending since June. Stackley is the Secretary of the Navy. After the Motion was filed, West filed 16 of her own motions, all of which were DENIED. [Dkt. #36]. The Order doing so warned West that continued frivolous and abusive filings might subject her to sanctions, and encouraged her to file instead a substantive response to Stackley's Motion to Dismiss. Since then, West has filed ten[1] more Motions or requests. One of her filings is entitled "Motion for

---

[1] West has recently filed: a "Motion for More Definite Statement Response to Motion to Dismiss" [Dkt. #37]; a "Motion for Sanctions against the Clerk for Wrongful Direction" [Dkt. #38]; a "Request to Allow Support Assistant" [Dkt. #39]; a Motion to Amend the Request to allow Support Assistant" [Dkt. #40]; a "Request for Reasonable Accommodation" [Dkt. #41]; A Request for Immediate Actions for Allowance of Reasonable Accommodations" [Dkt. #42]; and a "Response" to her own "Motion for a More Definite Statement" [Dkt. # 44].

ORDER GRANTING MOTION TO DISMISS - 1

Response to Defendant's Motion to Dismiss" [Dkt. #37], and the Court will construe that (as well as her other filings) as a Response to pending Motion to Dismiss.

Stackley's Motion [Dkt. #7] outlines West's August 9, 2016, termination from employment at the Puget Sound Naval Shipyard in Bremerton, and the administrative actions that followed. *See* Kirkpatrick Dec. [Dkt. # 8]. West filed an administrative complaint regarding her termination in September 2016. She complained that she was terminated because of her race, color and age, and in retaliation for prior EEO activity. She also complained that Shipyard employees delayed processing her disability retirement paperwork so that the Navy could terminate her. The Agency accepted her claim in October 2016. It treated her claims as a "mixed case" involving both discrimination claims and claims cognizable by the Merit Systems Protection Board (MSPB).

After an investigation, the Shipyard forwarded West's complaint to the Agency for a Final Agency Decision (FAD). The FAD was issued January 5, 2017. It determined that West's employer[2] had articulated a legitimate non-discriminatory reason for her termination, and that West had failed to establish that that reason—documented absenteeism (AWOL) after exhausting all FLMA and other leave—was pretextual. FAD, Dkt. 8-1.

The FAD also informed West of her right to appeal, and that she had to do so by filing suit in this Court within 30 days. West did not file this lawsuit for 88 days. Stackley argues that West's claims are time-barred by her failure to timely file, and that her newly-asserted sexual

---

On September 14, West filed a "Request for Conference" [Dkt. #45] and "Motion for Recusal of Annette B. Hayes" [Dkt. #46]. The latter is based on West's apparent belief that by appearing in the case for Stackley, Hayes has somehow attempted to "represent" West. This understanding is mistaken, and repeating it will not make it so.

[2] Defendant Stackley's motion recites that the "Agency" determined that the "Agency" had demonstrated a valid reason for the termination. The Court presumes that the Agency—the Navy's Equal Employment Office—determined that the employer *Shipyard* had so demonstrated.

harassment and discrimination claims were not raised below and are barred by her failure to exhaust administrative remedies. He argues that her ADA and constitutional claims cannot be asserted against the United States[3], because it has not waived sovereign immunity for such claims. It argues that the Court does not have subject matter jurisdiction over these claims.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

---

[3] It also argues that she cannot assert these claims against Stackley in the absence of any plausible claim that he personally violated any of her constitutional rights.

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

None of West's numerous filings address any of the Secretary's arguments. She does not acknowledge the timing issue, or explain why her claims are not facially time-barred. She does not address sovereign immunity, or explain why her sexual discrimination or harassment claims were not raised below. She does not address her AWOL status or explain why that basis for her termination was "pretextual." Instead, she continues to accuse everyone involved of some sort of conspiracy, cover up, or general incompetence. She claims but does not explain that Kirkpatrick's Declaration and the FAD it accompanies is "fraud," and seems to claim that the FAD's signatory was not authorized to sign it. And West continues to rail about Alison McKay, whose connection to this case or West remains entirely unclear.

Such claims do not articulate a plausible claim, and they do not effectively respond to the Secretary's demonstration that West's claims are time-barred, barred by her failure to exhaust her administrative remedies, and barred by sovereign immunity. The Secretary has established that these claims are insufficient as a matter of law, and there is nothing that West could do in the form of yet another complaint or filing to cure these fatal defects.

The Motion to Dismiss is GRANTED and all of West's claims in this case are DISMISSED WITH PREJUDICE and without leave to amend.

1  ALL of West's pending Motions and other requests are DENIED. The Court will address the Secretary's Motion for a pre-filing Bar Order [Dkt. #19] in a separate Order.

IT IS SO ORDERED.

Dated this 18th day of September, 2017.

_____
Ronald B. Leighton
United States District Judge